IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN P. BLACKBURN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-mc-125 |
| | ) | |
| | ) | JUDGE HAYNES |
| SETH NORMAN | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM

Plaintiff, Stephen P. Blackburn filed his pro se complaint against the Defendant, Judge Seth Norman, Tennessee Criminal Court, Twentieth Judicial District, seeking to overturn his criminal conviction and dismiss state criminal action, 2000-A-139 for "lack of subject matter jurisdiction and no constitutional Article III oath of office on file." (Docket Entry No. 1). Plaintiff's contends that Judge Norman, who presided over his case, lacked any active oath of office based upon the Tennessee Sunshine Laws and thus the trial court lacked subject matter jurisdiction. The Court liberally construes the Plaintiff's motion as a writ of habeas corpus under 28 U.S.C. § 2254 because he seeks to vacate a state criminal conviction.

Plaintiff's habeas petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 335-36 (1997). Under the AEDPA, federal courts may not grant habeas relief for claims adjudicated on their merits in a state court proceeding, unless that state court proceeding:

1

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). Under 28 U.S.C.§ 2254(b)(1), a habeas petition "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

In Williams v. Taylor, 529 U.S. 362, 413 (2000), the Supreme Court stated that a state court judgment is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." In such instances, the Supreme Court held that a federal habeas court may grant a writ. Id. The Supreme Court interpreted the language "clearly established Federal law, as determined by the Supreme Court of the United States" as referring to "the holdings as opposed to the dicta" of its decisions at the time of the state court decision. Id. at 412. Moreover, the relevant analysis is "to apply a rule of law that was clearly established at the time [the petitioner's] state court conviction became final." Id. at 390; accord Joshua v. Dewitt, 341 F.3d 430, 436 (6th Cir. 2003). In Bell v. Cone, 535 U.S. 685, 693 (2002), the Supreme Court reiterated that the AEDPA modified a federal court's role in reviewing state prisoner applications "in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law."

In his complaint, Plaintiff argues that Defendant violated his due process rights by

presiding as judge without an oath of office and that the trial court lacked jurisdiction over his case. Plaintiff argues that he should be freed from his "unconstitutional conviction" immediately to "preserve justice and grant remedies to those who without any fault of their own suffer injuries." Plaintiff's complaint does not provide any information about the nature of his offense of conviction, date of his conviction, length of his sentence, or current custodial status. Plaintiff's complaint does not challenge the merits of his state court conviction.

Here, Plaintiff's complaint does not allege exhaustion of his state remedies as is required by 28 U.S.C. § 2254(b)(1)(A). Plaintiff's assertion that Defendant Norman allegedly failed to take his oath of office under Tennessee law, "do[es] not raise a federal constitutional claim" that is cognizable on habeas review. Bresler v. Dretke, No. 3:04-CV-2046-B, 2006 WL 1867836, *2 (N.D. Tex. July 6, 2006) (holding that "claims based on an alleged failure to take the oaths of office required by Texas state law do not raise a federal constitutional claim"). See also Smith v. Dretke, No. 3-06-CV-144-N, 2006 WL 2042612, * 3 (N.D. Tex. July 21, 2006) (claim that judge did not take required oath of office "arises solely under state constitutional law and is not cognizable on federal habeas review").

Moreover, without any information about the Plaintiff's sentence, the Court cannot ascertain whether the Plaintiff was "in custody" at the time he filed the instant complaint. Lawrence v. 48th Dist. Court, 560 F.3d 475, 479–481 (6th Cir. 2009) (explaining "in custody" requirement for habeas petitions under 28 U.S.C. § 2254). See also Leslie v. Randle, 296 F.3d 518, 521-22 (6th Cir. 2002).

For the foregoing reasons, Plaintiff's complaint (Docket Entry No. 1) should be dismissed without prejudice to exhaust his state law remedies.

Also before the Court is Plaintiff's application to proceed in forma pauperis. (Docket Entry No. 2). After a review of his application, it appears that Plaintiff is unable to pay the filing fee. Therefore, the Plaintiff's motion to proceed in forma pauperis should be granted. However, because an appeal from the denial of Plaintiff's complaint would not be taken in good faith, Plaintiff should not be certified to pursue an appeal under 28 U.S.C. § 2253(c).

An appropriate Order is filed herewith.

Entered on this the 29th day of October, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge

4